UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL TOMASELLI & JULIA WARD h/w )<br><br>Plaintiffs )<br><br>vs. )<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC )<br>Defendant ) | Case Number:<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Michael Tomaselli and Diane Ward, by and through their undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Michael Tomaselli and Diane Ward, h/w, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Plaintiffs reside in this district.

## III. PARTIES

4. Plaintiffs, Michael Tomaselli and Diane Ward, h/w, (hereafter, Plaintiffs) are adult natural person residing in Huntingdon Valley, PA. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC., (hereafter, Defendant), at all times relevant hereto, is and was a limited liability company engaged in the business of being a full service collection agency, collecting consumer debt within the Commonwealth of Pennsylvania and the Commonwealth of Virginia with a primary address located at 120 Corporate Blvd., Norfolk, VA 23502.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Within the last year, Plaintiffs have been receiving constant and continuous collection calls from the Defendant on a consumer debt allegedly owed on a Sears account.

8. Account referenced above is solely in Plaintiff, Julia Ward's name.

9. Plaintiffs state that they tried for several months to negotiate a settlement on this account with Sears directly, but Sears refused and the account was ultimately turned over for collections.

10. Defendant calls Plaintiffs on a daily basis demanding full payment on this account.

11. Plaintiffs are said to owe a balance of approximately $5,664.57.

12. Over the last few months, Defendant's agent, "Mr. Garcia", has placed calls to both Plaintiffs places of employment looking for payment.

13. Defendant's agent, "Mr. Garcia", has been told numerous times that they are not to call either Plaintiff at their place of employment.

14. On one occasion, Defendant's agent, "Mr. Garcia", called Plaintiff, Michael at work and began screaming that the Plaintiffs needed to stop avoiding this situation and needed to pay this account off in full.

15. Plaintiff, Michael, explained that they could not afford to pay off the balance of this account in full.

16. At that time, Plaintiff, Michael, asked the Defendant for something in writing validating this account.

17. Plaintiff, Michael, was informed by Defendant's agent, "Mr. Garcia", that the Defendant had sent the Plaintiffs enough and they were not mailing them out anything.

18. Plaintiffs state that they have never received anything in writing from the Defendant.

19. Before ending the call, Defendant threatened the Plaintiffs with lawsuit for failing to make payment.

20. On or about August 12, 2012, Plaintiff, Julia Ward, was sued in the Court of Common Pleas in Montgomery County, PA by Defendant.

21. Defendant falsely stated that the Plaintiffs continuously refused to pay this consumer debt.

22. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendant's unlawful conduct.

23. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a consumer debt.

25. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

28. As a result of Defendant's, conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "consumer debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time and place |
| §§ 1692c(a)(3): | At place of employment when knows the employer prohibits such communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

| | |
|---|---|
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within 5 days of the initial communication |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

32. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

33. The collection of a consumer debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

34. The alleged debt Defendant were attempting to collect is a consumer debt as defined by 73 Pa. C.S. § 2270.3.

35. The FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

36. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

37. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

38. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

39. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. Actual damages;

    b. Treble damages;

    c. An award of reasonable attorneys fees and expenses and costs of court; and

    d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

40. The foregoing paragraphs are incorporated herein by reference.

41. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

42. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

43. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant misrepresented to Plaintiffs the character, extent or amount of the consumer debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

44. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

45. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. An Order declaring that Defendant violated the UTPCPL;

   b. Actual damages;

   c. Treble damages;

   d. An award of reasonable attorney's fees and expenses and cost of suit; and

e.  Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

WARREN LAW GROUP, PC

Date: September 19, 2012

BY: /s/ Bruce K. Warren  bkw4066
Bruce K. Warren, Esquire

Warren Law Group, PC
58 Euclid Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)324-9081
Attorney for Plaintiff
bruce@warren-lawfirm.com